JS - 6   LINK: 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01876 GAF (RZx) | Date | April 5, 2011 |
|---|---|---|---|
| Title | BDA Investment Properties LLC v. Diocelina A Sosa et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**        (In Chambers)

## ORDER REMANDING CASE

On October 18, 2010, Plaintiff BDA Investment Properties, LLC ("Plaintiff") filed suit against Defendants Diocelina A. Sosa and Miguel Corona (collectively, "Defendants") in the Los Angeles County Superior Court alleging a state law cause of action for unlawful detainer. (Docket No. 1, Not., Ex. A [Compl.].) On March 4, 2011, Defendants removed the action to this Court based on federal question jurisdiction. (Id., Not. ¶ 1.) In sum, Defendants claimed that because Plaintiff's state law cause of action is a disguised claim under the Protecting Tenants at Foreclosure Act of 2009 ("the PTFA"), the state court action is subject to removal because the PTFA completely preempts the unlawful detainer claim. (Id. ¶¶ 6-8.)

After determining that the PTFA neither creates an explicit nor an implicit private right of action, the Court ordered Defendants to show cause why this case should not be remanded for lack of subject matter jurisdiction. (Docket No. 9); see Zalemba v. HSBC Bank, 2010 WL 3894577, at *2 (S.D. Cal. Oct. 1, 2010) (holding that no *explicit* private right of action exists under the PTFA because the statute does not possess language that defines a cause of action—it does not identify persons able to bring suit, those who are potentially liable, the forum for suit or the potential remedy available); see Logan v. United States Bank Nat'l Assoc., 2010 WL 1444878, at *7-10 (C.D. Cal. Apr. 12, 2010) (holding that the PTFA does not *implicitly* provide a private right of action because neither the language of the PTFA nor the statutory scheme suggests a congressional

JS - 6     **LINK: 9**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01876 GAF (RZx) | Date | April 5, 2011 |
|---|---|---|---|
| Title | BDA Investment Properties LLC v. Diocelina A Sosa et al | | |

intent to create a private right of action).

The Court is now in receipt of Defendants' response to the order to show cause ("OSC"). (Defendants' Response to OSC.) Having failed to cite to any authority that has interpreted the PTFA, and in light of the clear precedent that there is neither an explicit nor an implicit private right of action under this statute[1]—considering the PTFA only "provides directives to state courts," Fannie Mae v. Lemere, 2010 WL 2696697, at *2 (E.D. Cal. July 6, 2010) (citation omitted)—the Court hereby **REMANDS** the present action to the Los Angeles County Superior Court.

**IT IS SO ORDERED.**

---

[1] The following are examples of cases that have held that there is no private right of action under the PTFA. See Martin v. LaSalle Bank Nat. Ass'n, 2011 WL 9583, at *1 (S.D. Cal. Jan. 3, 2011); see also Nativi v. Deutsche Bank Nat. Trust Co., 2010 WL 2179885, at *2-4 (N.D. Cal. May 26, 2010); see also Deutsche Bank Nat. Trust Co. v. Jora, 2010 WL 3943584, at *1-2, n.3 (E.D. Cal. Oct. 1, 2010); see also U.S. v. Lopez, 2010 WL 5233017, at *2-4 (E.D. Cal. Dec. 16, 2010); see also Cohn v. Bank of America, 2011 WL 98840, at *5-6 (E.D. Cal. Jan. 12, 2011).